UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JAE ROBINSON,**

**Plaintiff,**

**v.** **Case No. 25-C-1266**

**CHAD GILBERT et al.,**

**Defendants.**

---

**DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Jae Robinson is a prisoner who is representing himself in this 42 U.S.C. §1983 action. He is proceeding on a conditions of confinement claim based on allegations that Defendants contaminated his food with another inmate's feces. On August 3, 2026, Defendants filed a motion for summary judgment. Dkt. No. 25. For the reasons explained below, the Court will grant the motion and dismiss this case.

**BACKGROUND**

At the relevant time, Robinson was housed at Green Bay Correctional Institution, where Chad Gilbert and Travis Robinson worked as correctional officers. On December 5, 2024, the officers were handing out breakfast trays to inmates in the restricted housing unit. Both officers were wearing food safety gloves. When they approached cell 222, Officer Gilbert opened the bottom trap and handed a food tray to the inmate, who proceeded to hand out a used tray. Officer Gilbert handled the tray with his **left** hand, closed the trap, and set the tray on the ground. Officer Gilbert did not notice anything out of the ordinary with the tray. The officers proceeded to cell 220, and Officer Gilbert opened the bottom trap and handed a food bag to the inmate in the cell.

At that time, the inmate in cell 222 began to yell, "Don't eat the food now, he got shit on his hands." Dkt. Nos. 27, 38 at ¶¶1-10, 19-20, 24.

In response to the inmate's comment, Officer Gilbert decided not to handle any other meal trays or food bags during meal pass. When he approached cell 218, Officer Gilbert unlocked the trap with his **right** hand. He also opened the trap, which folds down from the door, with his **right** hand. Officer Robinson handed the inmate his food tray through the trap. Officer Gilbert then closed and locked the trap with his **right** hand. At no point did Officer Gilbert use his left hand to unlock or open/close the trap. The officers proceeded to cell 216, which is the cell Robinson was housed in. Once again, only Officer Robinson handled the food tray. Officer Gilbert unlocked, opened, and closed the trap all with his **right** hand. The officers continued with meal pass in the same manner, with Officer Gilbert opening and closing the trap with his **right** hand, and Officer Robinson handing food trays to the inmates. Dkt. Nos. 27, 38 at ¶¶11-17, 26.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co*., 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show

that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

**ANALYSIS**

Under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "To state a claim premised on prison officials' failure to protect him from harm, [a plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id*. (citing Farmer, 511 U.S. at 837). Robinson asserts that the officers disregarded an excessive risk to his health and safety when Officer Gilbert continued to hand out food trays after learning that he may have touched another inmate's feces. But video evidence "leaves no room for interpretation" and definitely demonstrates that Robinson faced no risk, let alone an excessive risk, to his health and safety. *Kaillin v. Village of Gurnee*, 77 F.4th 476, 481 (7th Cir. 2023); Dkt. No. 33 (available for viewing in the clerk's office).

The video shows that Officer Gilbert handled another inmate's used food tray with his **left** hand. After handing the inmate in the next cell his food, the inmate in the prior cell began to yell that inmates should not eat their food because Officer Gilbert had touched his feces. In response, Officer Gilbert began to use only his **right** hand: he unlocked, opened, and closed the traps only with that hand, eliminating the risk of transferring feces from his left hand to other inmates' food trays.

Robinson asserts that feces may have fallen off the trap lock or door into his food, but again, the video utterly discredits Robinson's speculation. The video shows that Officer Gilbert

touched only his keys, not the lock, when he unlocked the trap and that the trap door falls down to allow the food tray to pass over the trap door, not under it. It was therefore impossible for feces to "fall off" the lock or trap door. Although Officer Gilbert could have removed the potentially contaminated glove and washed his hands before continuing, Robinson faced no risk of harm from Officer Gilbert completing meal pass in the way he did. Because the Defendants took reasonable measures to ensure the inmates' safety, they are entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 25) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 24th day of September, 2026.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.